NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RONALD TOMASETTO,                     :
                                      :   CIV. NO. 20-3177 (RMB-KMW)
                Plaintiff             :
                                      :
        v.                            :   **OPINION**
                                      :
OFC. B. COOPER, *et al.*,             :
                                      :
                Defendants            :

BUMB, DISTRICT JUDGE

Plaintiff Ronald Tomasetto, a prisoner incarcerated in South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action on March 23, 2020. (Compl., Dkt. No. 1.) Plaintiff seeks to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915. (Id.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

> period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a properly completed IFP application, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). Plaintiff should be aware that if he was granted IFP status, upon conclusive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B);

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

1915(b); and 42 U.S.C. § 1997e(c)(1), the Court would dismiss the complaint for failure to state a claim.

I.    *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

4

II.  DISCUSSION

    A.  <u>The Complaint</u>

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. He alleges that on February 19, 2020, Officer B. Cooper at Southern State Correctional Facility wrote a disciplinary infraction report charging Plaintiff with refusing a housing assignment, which resulted in Plaintiff's placement in pre-hearing detention. (Compl., Dkt. No. 1 at 1.) Plaintiff has special needs and pre-hearing detention caused him extreme anguish. (<u>Id.</u>)

Plaintiff alleges that on February 21, 2020, the Disciplinary Hearing Officer, Christy Ralph, "used an ambiguous/unconstitutionally vague regulation (NJAC 10A:4-9.15a) in order to find Plaintiff guilty of the infraction in violation of his Due Process Rights under the Fourteenth Amendment to the U.S. Constitution." (<u>Id.</u> at 2.) Specifically, Plaintiff alleges the "substantial evidence" standard of review does not define a burden of proof but was used to "send Plaintiff to Ad-Seg for 30 days." (<u>Id.</u>) For relief, Plaintiff seeks money damages. (<u>Id.</u>)

    B.  <u>Section 1983 Claims</u>

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes

5

> to be subjected, any citizen of the United
> States or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

II.  DISCUSSION

Plaintiff presents a claim based on his asserted right to procedural due process protections in a state prison disciplinary action. "Procedural due process protection 'for a state created liberty interest … is limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Turner v. Attorney Gen. Pennsylvania, 505 F. App'x 95, 99 (3d Cir. 2012) (citing Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Unless the state action "present[s] a dramatic departure from the basic conditions of confinement" there is no liberty interest that

6

requires procedural due process protection. <u>Turner</u>, 505 F. App'x at 99 (quoting <u>Sandin</u>, 515 U.S. at 484; <u>see also</u> <u>Burns v. Pa. Dep't of Corr.</u>, 642 F.3d 163, 171 (3d Cir.2011) ("[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest.") "[T]hirty-day confinement in administrative custody does not constitute an atypical or significant hardship." <u>Id.</u> (citing <u>Griffin</u>, 112 F.3d at 706.) Therefore, if Plaintiff were granted IFP status or paid the filing fee, the Court would, upon conclusive screening, dismiss the complaint with prejudice for failure to state a claim.

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.


DATE:  July 27, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

7